IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHASKIN WELLS CORPORATION,  )   | | |
| Plaintiff,  ) | | |
|   ) | | |
| v.  ) | | 3:03-cv-422 |
|   ) | | |
| REILY FOODS COMPANY,  ) | | |
| Defendant.  ) | | |

## MEMORANDUM AND ORDER

Defendant, Reily Foods Company (Reily), has moved the court to dismiss this action because the plaintiff, Chaskin Wells Corporation (CWC), is an inactive corporation [Doc. 19]. CWC has failed to respond to the motion. Under E.D.TN. LR 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." However, for the reasons that follow, the motion to dismiss is **DENIED**.

Defendant has indeed shown that CWC is an inactive Tennessee corporation that was administratively dissolved by the Tennessee Secretary of State on December 19, 2003. Tenn. Code Ann. § 48-24-202(c) provides that a "corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under § 48-24-105...." However, Tenn. Code Ann. § 48-24-105(b) provides that "[d]issolution of a corporation does not: ... (5) [p]revent commencement of a proceeding by ... the corporation in its

corporate name; ... [or] (6) [a]bate or suspend a proceeding pending by ... the corporation on the effective date of dissolution; ...." The complaint in this action was filed on August 15, 2003, four months before the corporation was administratively dissolved by the Tennessee Secretary of State. Accordingly, the action may not be dismissed on this ground.

Effective after January 1, 1988, the General Assembly repealed the then-existing Tennessee General Corporation Act ("old act" or "General Corporation Act") and replaced it with the Tennessee Business Corporation Act ("new act"), which was patterned in large part after the Revised Model Business Corporation Act of 1984. *See* 1986 Tenn. Pub. Acts, ch. 887 (codified as Tenn. Code Ann. §§ 48-1-101 to 48-27-103). The common law of corporations in Tennessee has long held that the dissolution of a corporation ends the legal existence of that corporation. 16A William M. Fletcher, *Fletcher's Cyclopedia of the Law of Private Corporations* §8142 (perm. ed. rev. vol. 1988); *see State v. Bank of Tennessee*, 64 Tenn. (5 Baxter) 101, 108 (1875). The dissolution of a corporation extinguished all "debts due to and from the corporation," and "neither the stockholders nor the directors or trustees of the corporation could recover the debts or be charged with them in their natural capacity...." *See White v. Campbell*, 24 Tenn. (5 Hum.) 38, 39 (1844) (citation and internal quotation marks omitted). The case relied upon by defendant, *Swindle v. Big River Broadcasting Corp.*, 905 S.W.2d 565 (Tenn. App. 1995), discusses the prior law, now repealed. In part to alleviate the harshness of the common law rule, the General Assembly enacted a provision from the Model Business Corporation Act of 1950 (MBCA), which provides that a corporation

2

does not cease to exist immediately upon its dissolution. *See Swindle*, 905 S.W.2d at 567 (acknowledging that § 48-1-1013 (repealed) was derived from the MBCA). Instead, after its formal dissolution, the corporation continued to exist briefly for the purposes of prosecuting and defending actions in its corporate name. *See* Tenn. Code Ann. § 48-1-1013(a)(repealed); *see* also MBCA § 105; 60 S.W.3d 744.

While the court may not dismiss this case on the issue raised by the defendant, the court notes that no witness lists have been filed, no jury instructions have been received, and no pretrial order has been submitted in this matter scheduled for trial on August 11, 2005. The witness lists were due 45 days prior to trial. Proposed jury instructions were due 15 days before trial. Most importantly, the pretrial order was due 30 days before trial. Failure to file a pretrial order or to notify the undersigned that one cannot be agreed upon as required by the scheduling order can be deemed a failure to prosecute the action. *See* Rule 41(b), Federal Rules of Civil Procedure. Accordingly, plaintiff is **ORDERED** to **SHOW CAUSE** and notify the undersigned's chambers in writing by **2:00 p.m. on Wednesday, August 3, 2005**, why this matter should not be dismissed for failure to prosecute. The pretrial conference scheduled for 2:00 p.m. on Wednesday, August 3, 2005, is hereby **CANCELLED**, as is the trial date of August 11, 2005.

3

**IT IS SO ORDERED.**

                             **ENTER:**

                                       **s/Thomas W. Phillips**
                               **UNITED STATES DISTRICT JUDGE**

4

Case 3:03-cv-00422   Document 24   Filed 08/02/05   Page 4 of 4   PageID #: 9