IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHASKIN WELLS CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:03-cv-422 |
| | ) | |
| REILY FOODS COMPANY, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff has moved for dismissal of this matter pursuant to Federal Rules of Civil Procedure 41(a)(2) [Doc. 27]. Defendant has responded in opposition [Doc. 28]. For the reasons that follow, the motion is **GRANTED**.

Defendant opposes plaintiff's motion to dismiss without prejudice, as defendant fears it may have to once again defend the same claim for a third time. A dismissal without prejudice under Rule 41(a)(1)(I) does not decide the case on the merits. Defendant further asserts it has incurred approximately $12,000.00 in legal fees and expenses as a result of already preparing and defending this action on two separate occasions.

Pursuant to Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...." Unless otherwise specified in the order, a dismissal pursuant to Rule 41(a)(2) is without prejudice. *See* Fed. R. Civ. P. 41(a)(2). "Whether dismissal

should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly and Company*, 33 F.3d 716, 718 (6th Cir. 1994). The primary purpose of the rule in requiring prior court approval is to protect the nonmovant from unfair treatment. *Summerville v. Ross/Abbott Laboratories*, 187 F.3d 638 (6th Cir. 1999). The decision to allow a voluntary dismissal is improper only where a defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover*, 33 F.3d at 718 (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752 (1947)). However, such prejudice does not result from the mere prospect of another lawsuit. *Id.* In *Grover*, the Sixth Circuit identified four factors to determine whether plain legal prejudice will result: (1) the amount of time, effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of a plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id.*

The court is mindful that defendant has invested substantial time, effort and expense in defending this action and preparing it for trial, and acknowledges that the case has been excessively delayed by the plaintiff's conduct. However, the court does not find defendant will suffer plain legal prejudice should the motion to dismiss without prejudice be granted. Accordingly, plaintiff's motion to dismiss without prejudice is **GRANTED** and this case should be removed from the court's active docket. Any other pending motions in this case are **DENIED AS MOOT**.

2

Case 3:03-cv-00422   Document 29   Filed 08/09/05   Page 2 of 3   PageID #: 11

**IT IS SO ORDERED.**

                    **ENTER:**

                    **s/Thomas W. Phillips**
                    **UNITED STATES DISTRICT JUDGE**